IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marcus Albinus Joseph, #147764,<br><br>      Plaintiff,<br><br>vs.<br><br>Henry M Turbeville; Annelle G. Powell; Gary Martin; Wade S. Kolb; Joseph Coker; SCDC Director Stirling; Warden Bernard McKie of Kirkland Correctional Institution,<br><br>      Defendants. | C/A No. 2:15-412-RMG-JDA<br><br>**REPORT AND RECOMMENDATION** |

  Marcus Albinus Joseph ("Plaintiff"), proceeding pro se, brings this § 1983 civil action alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at Kirkland Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## BACKGROUND

  Plaintiff alleges on December 23, 1987, Henry M. Turbeville, of the Clarendon County Sheriff's Department, with deliberate disregard for the truth, advised Annelle G. Powell, a state magistrate judge, that Plaintiff had admitted in a full written statement to killing Alfred Cole. [Doc. 1; Doc. 1-2.] Plaintiff alleges that Defendants began a process of arrest, extradition from Florida to South Carolina, and prosecution of him that was unlawful. [*Id*.] Among other things, he alleges that he was kidnaped and wrongfully brought to South Carolina; Joseph Coker then coerced Plaintiff to plead guilty to murder and grand larceny even though no formal charges had been filed. [*Id*.] Plaintiff alleges he was wrongfully deprived of his freedom because his due process rights were violated. [*Id*.] He seeks damages and the arrest and prosecution of Defendants. [*Id*.]

This Court takes judicial notice that Plaintiff filed a lawsuit in this Court in 2012 against several of the same Defendants—Henry M.Turbeville, Anelle Powell, Joseph Coker, and the Director of SCDC. *See* Report and Recommendation, *Joseph v. S.C. Supreme Court, et al.*, C/A No. 8:12-2014-JFA-JDA (D.S.C. July 25, 2012), ECF No. 10; *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In *Joseph v. S.C. Supreme Court*, this Court explained that Plaintiff was successful in vacating his conviction for grand larceny, but his murder conviction was affirmed. *Id.* Also, this Court found that Plaintiff's claims relating to his arrest, indictment, guilty plea, conviction, and the constitutionality of South Carolina's murder statute were subject to summary dismissal based upon *Heck v. Humphrey*, 512 U.S. 477 (1994), because the murder conviction had not been invalidated. *Id.* This Court determined that the *Heck* ruling was sufficient grounds to dismiss the action without prejudice, and it did so. *See* Order, *Joseph v. S.C. Supreme Court, et al.*, C/A No. 8:12-2014-JFA-JDA (D.S.C. August 9, 2013), ECF No. 24.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal.  The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**DISCUSSION**

Plaintiff is prohibited from bringing this civil action seeking damages for alleged due process violations because his state conviction of murder has not yet been invalidated. In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

The *Heck* holding applies to this case. It appears that Plaintiff is serving a life sentence based on his 1988 Clarendon County conviction of murder. Plaintiff alleges, among other things, that he was coerced to plead guilty and has been wrongfully imprisoned. Thus, his claims are intertwined with his attempt to prove that his conviction is unlawful. Plaintiff does not allege that his conviction has been invalidated, for example, by a reversal on direct appeal or a state or federal court's issuance of a writ of habeas corpus. A favorable determination on the merits of Plaintiff's civil claims against Defendants would imply that

4

Plaintiff's criminal conviction and sentence, which he is currently serving, were invalid. Because Plaintiff has not alleged that he already has successfully challenged the lawfulness of his state court murder conviction, this civil action should be dismissed based on *Heck*.

In any event, the entire action should also be dismissed based on frivolousness. As stated above, Plaintiff brought a § 1983 action in this Court in 2012 raising similar claims against several of the same Defendants—Henry M.Turbeville, Anelle Powell, Joseph Coker, and the Director of SCDC. This Court explained that Plaintiff's claims relating to his arrest, indictment, guilty plea, conviction, and the constitutionality of South Carolina's murder statute were subject to summary dismissal based upon *Heck v. Humphrey*, 512 U.S. 477 (1994). Therefore, because Plaintiff has been advised in a prior lawsuit in this Court that his similar claims, attempting to imply that his conviction was wrongful, had no arguable basis in law, this action should be dismissed on the ground of frivolousness, and a "strike" pursuant to 28 U.S.C. § 1915(g) is recommended. *See Nagy v. FMC Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004) (a suit is frivolous if it lacks an arguable basis in law or fact); *McLean v. United States*, 566 F.3d 391, 399–400 (4th Cir. 2009) (noting that a dismissal for frivolousness without prejudice may be designated a strike).

## RECOMMENDATION

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). It is recommended that this action be deemed a "strike" pursuant to 28 U.S.C. § 1915(g), based on frivolousness. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McLean v. United States*, 566 F.3d 391, 399-400 (4th Cir. 2009). **Plaintiff's attention is directed to the important notice on the next page.**

                                                        s/Jacquelyn D. Austin
                                                        United States Magistrate Judge

May 1, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).