IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROINA

2015 MAY 19 P 1: 27

Marcus Albinus Joseph, # 147764,  )
                                   )
                  Plaintiff,       )
                                   )      Civil Action No. 2:15-412-RMG
        vs.                        )
                                   )
Henry M. Turbeville; Annelle G. Powell,  )
Gary Martin; Wade S. Kolb; Joseph Coker, )
SCDC Director Stirling; Warden Bernard    )
McKie of Kirkland Correctional            )      **ORDER**
Institution,                              )
                                          )
                  Defendants.             )
                                          )
_____ )

This matter comes before the Court on the Report and Recommendation ("R & R") of the

Magistrate Judge recommending that this matter be summarily dismissed without prejudice and

without issuance and service of process and that this dismissal be deemed a "strike" pursuant to

28 U.S.C. § 1915(g) for frivolousness. (Dkt. No. 21). As set forth more fully below, the Court

adopts the R & R of the Magistrate Judge as the order of this court.

This matter was initially assigned to the Magistrate Judge for pre-trial handling. 28

U.S.C. § 636(b); Local Civil Rule 73.02(B)(2)(d). The Magistrate Judge issued an R & R to this

Court dated May 1, 2015, recommending disposition as set forth above. The Magistrate Judge

makes only a recommendation to this Court. The recommendation has no presumptive weight,

and the responsibility for making a final determination rests with this Court. *Mathews v. Weber*,

423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of

-1-

those portions of the R & R to which specific objection has been made. The Court may "accept, reject or modify, in whole or in part, the findings and recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1). Plaintiff timely filed objections to the R & R, essentially rearguing the same points previously raised with and addressed by the Magistrate Judge.

As the Magistrate Judge correctly observed, Plaintiff's claims are barred under the well settled precedent of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which bars any civil action for damages for alleged due process violations in a criminal case where the underlying criminal conviction has not been invalidated. (Dkt. No. 21 at 4-5). In Plaintiff's case, his state court conviction for murder, in which he has been sentence to life, has not been overturned. Further, the Magistrate Judge correctly concluded that Plaintiff's claims should be dismissed for frivolousness because these same claims have been addressed and rejected in prior legal actions. (*Id.* at 5).[1] The Court also concurs in the Magistrate Judge's recommendation that this action be deemed a "strike" for frivolousness under 28 U.S.C. § 1915(g).

Therefore, the Court **ADOPTS** the R & R of the Magistrate Judge as the order of the Court. The action is hereby summarily dismissed without prejudice and without issuance or service of process. The Court further finds this action was frivolous and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g).

---

[1] *See*, *Joseph v. S.C. Supreme Court Justices, et al.*, C.A. No. 8:12-2014-JFA (D.S.C. August 9, 2013); *Joseph v. Charlotte County Sheriff's Department*, C.A. No. 92-2198-3-16 (D.S.C. September 26, 1994), *aff'd* 50 F.3d 6 (4th Cir. 1995).

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

May 19, 2015
Charleston, South Carolina